(Superior Court of Cincinnati—General Term.)

### NANNIE BUFORD v. GEORGE WEIGEL.

A lease provided for payment of rent monthly, with provision for forfeiture in case the rent be not paid as stipulated. The lessor allowed the lessee to hold for two months without payment of rent and without demand for the same. At the end of the third month he made demand for the rent for three months, and on failure of payment seeks to forfeit the lease.

Held: That by allowing the lessee to hold for the two months without payment or demand, he waived the right of forfeiture for those months, and that his demand should have been for the amount due for the last month.

(Decided April, 1895.)

---

SAYLER, J.

George Weigel, as plaintiff below, filed a petition against Nannie Buford, defendant below, in which he set up that:

"On the 24th day of February, 1893, by indenture of lease duly executed by both parties, said plaintiff did demise and lease to said Nannie Buford, the following described real estate, to-wit (describing property): from the first day of March, 1893, for the full term of ninety-nine years then next ensuing, reserving a retal of $156.96 per anum, payable in installments of $13.08 on the first day of each and every month, and said Nannie Buford, for herself, her executors, administrators and assigns, covenanted with said George Weigel, his heirs an assigns, to pay said installments of rent punctually when due, and further covenanted that if said rent or any part thereof should remain unpaid for ten days after it should become due, after demand of payment made personally on said premises, whether on day of payment or at any time afterward, it should be lawful for said lessor, his heirs or assigns, into said premises to reenter, and the same have again as in his former estate, and said lease shall determine and be utterly void. Said Nannie Buford thereupon entered on said premises under said lease. Defendant neglected and failed to pay the installments of rent coming due on the first day of August, on the first day of September, and on the first day of October, 1893, and the same remains unpaid. On the 26th day of October, 1893, and on various other times prior thereto, during business hours, plaintiff duly demanded payment on the premises of the sum of $39.24, which was refused. By reason of the premises plaintiff is entitled to possession of said premises, but defendant unlawfully keeps him out of possession. Wherefore plaintiff asks judgment for the possession of said premises and for such other relief as is proper."

The defendant, Nannie Buford, filed an answer, setting up in substance that the instrument sued on was not a lease, and was a mortgage; but if it is a lease, then that it had not been forfeited, and that due demand had not been made for rent due under it.

It was determined by the court below that the instrument was a lease, and on a trial before a jury a verdict was returned finding that the plaintiff, George Weigel, was entitled to the possession of the premises; on which verdict the court entered judgment awarding possession of the premises to the said plaintiff free and discharged of the said lease.

The only question presented to the court on these proceedings in error is: Can the verdict and judgment be sustained by the petition in the case?

The rent was payable in installments of $13.08 on the first of each month. On failure of the lessee to pay an installment of rent on or before the tenth day of the month in which it became due, after demand, the lessor may re-enter.

This right of forfeiture was for the benefit of the lessor, and may be waived.

Installments, of rent were due for the months of July, August and September—payable on the first days of August, September and October, respectively.

It was the right of the lessor to make demand, on or after August 11th, for rent due for July, and on failure to pay, to declare a forfeiture. He failed to do this, and allowed the lessee to remain in possession during the month of August. On or after the 11th day of September he could have made a demand for rent due for the month of August; and on failure to pay, could have declared a forfeiture. He failed to do this and allowed the lessee to remain in possession during the month of September.

After the 11th of October, the lessor made a demand for the sum of $39.24, being the rent for the months of July, August and September. This was a clear recognition by the lessor of the lessee as a tenant under the lease for the month of September. If the lessor allowed the lessee to remain in possession under the lease, and recognized him as holding under the lease during the month of September, he thereby clearly waived his right of forfeiture growing out of the failure of the lessee to pay rent for the prior months.

The lessor still had the right, on demand, to work a forfeiture on account of the failure of the lessee to pay rent for the month of September.

And the lessee had a correlative right to save a forfeiture by payment of the rent for September.

When the lessor demanded $39.24, he demanded more than he could require the lessee to pay, to save a forfeiture, and therefore this demand will not sustain a forfeiture.

No demand was made for $13.08, rent due for the month of September; and for the failure to pay which amount the lessor had the right to work a forfeiture.

The mere fact that the sum of $39.24 was due for rent at the time the demand was made is immaterial. This is not an action for rent owing. It is an action to forfeit the lease, and the requirements necessary under the law to work a forfeiture must be strictly complied with.

We are of the opinion that a judgment of forfeiture cannot be sustained by the allegations of the petition, and that the judgment should have been for the defendant below, and that therefore the judgment should be reversed.

J. B. Foraker and C. W. Merrill, for plaintiff in error.

Louis Hummel, contra.